IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 06-00467 SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT BRYSON |
| | ) | JOSE'S MOTION TO DISMISS |
| vs. | ) | INDICTMENT |
| | ) | |
| BRYSON JOSE,      (01) | ) | |
| ROBERT KUPAHU,    (02) | ) | |
| SEAN MATSUNAGA,   (03) | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT BRYSON JOSE'S
MOTION TO DISMISS INDICTMENT

I.        INTRODUCTION.

On August 30, 2006, Defendants Bryson Jose ("Jose"),
Robert Kupahu ("Kupahu"), and Sean Matsunaga ("Matsunaga")
(collectively, "Defendants") were indicted on one count of
damaging federal property in excess of $1,000, in violation of
18 U.S.C. §§ 2 and 1361.  They allegedly damaged the recreation
cage of the Special Housing Unit ("SHU") at the Federal Detention
Center ("FDC") in Honolulu, Hawaii, where they were inmates.

Seeking dismissal of the Indictment, Jose argues that
the "evidence fails to establish that the defendants caused over
$1,000.00 in damage."  Motion at 1.  Jose contends that
Defendants' alleged damage to the recreation cage resulted in
"repairs totalling $354.87."  Motion at 2.  Jose concedes that
the four walls of the recreation cage were subsequently replaced
at a cost of $1,374.80, but argues that such work "was done as
improvement or reinforcement, and is not properly includable in

the amount of damage" caused by Defendants.  Motion at 1-2.
Matsunaga joins in the motion.

The Government responds that a jury could find that the
amount of property damage allegedly caused by Defendants exceeds
$1,000 because the subsequent repairs proximately resulted from
Defendants' actions and were necessary for security purposes.
See Opp. at 4-6.  Alternatively, the Government contends, "The
Court may formulate an instruction informing the jury that if any
members are not convinced beyond a reasonable doubt that the
defendants are guilty of the greater offense, i.e., unable to
reach a guilty verdict, they may convict them of the lesser
offense if all were convinced beyond a reasonable doubt."  Opp.
at 7.  In other words, the Government posits that the misdemeanor
offense in § 1361, which governs property damage that "does not
exceed the sum of $1,000," is necessarily included in the felony
offense charged in the Indictment.  See Opp. At 7.

Because Jose may not challenge the sufficiency of the
Government's evidence in this pretrial motion, and because the
jury may be instructed on the lesser misdemeanor offense, the
court denies Jose's motion.

II.      LEGAL STANDARD.

Rule 12(b) of the Federal Rules of Criminal Procedure
allows the consideration at the pretrial stage of any defense
"which is capable of determination without the trial of the

general issue." <u>United States v. Nukida</u>, 8 F.3d 665, 669 (9th Cir. 1993).  A motion to dismiss is generally "capable of determination" before trial if it involves questions of law rather than fact.  <u>Id.</u>  Although the court may make preliminary findings of fact necessary to decide legal questions presented by a motion, the court may not "invade the province of the ultimate finder of fact."  <u>Id.</u> "In considering a motion to dismiss, a court is limited to the face of the indictment and must accept the facts alleged in that indictment as true."  <u>United States v. Ruiz-Castro</u>, 125 F. Supp. 2d 411, 413 (D. Haw. 2000).

III.     <u>BACKGROUND FACTS.</u>

On March 17, 2006, each of the three Defendants was in a separate individual recreation cage.  The cages were adjacent to one another in the SHU at the FDC.  When Defendants were told that their "recreation time" was over, they allegedly kicked holes into the metal grilles separating the cages.  Motion at 1. Jose and Kupahu were allegedly pulled through the holes, and all three ended up in Matsunaga's cage.  Opp. at 2.  After two hours in which prison officials allegedly "attempt[ed] to convince the defendants to stand down and obey the . . . order to cuff up," Defendants "complied and no force was required."  Opp. at 2-3. That day, repairs totaling $354.87[1] were made to the cages "by

───────────────

[1] Jose argues the initial repairs totaled $354.87, but the Government posits, "the total cost of the patch job is actually $234.87, as opposed to $354.87." Opp at 5.  The court need not

3

tearing out the punctured portion of the metal grille and welding new sheets to each side of the affected area." Motion at 1; Opp. at 5 n.3. FDC officials later determined that "the repair job was not complete unless the panel was once again a unified structure separating the inmates." Opp. at 6. The FDC therefore "purchased additional sheets of 4'x8' expanded metal and welded those sheets to each side of the recreation cages." Opp. at 6. The cost of the subsequent repairs was $1,374.80. Ex. A (attached to Motion) at 2.

IV.      ANALYSIS.

           A.    The Evidence Might Establish That Defendants'
                 Actions Caused Property Damage
                 In Excess of $1,000.

           The parties disagree over the amount of property damage that resulted from Defendants' alleged actions. Jose argues that the evidence establishes that their alleged actions caused only $354.87 in damage, which reflects the cost of the initial repairs. Motion at 2. Jose contends that the subsequent repairs, totaling more than $1,000, were for "improvement" and did not result from Defendants alleged actions. Motion at 1. Because the Indictment charges Defendants with causing property damage that exceeds $1,000, Defendants request that the Indictment be dismissed. The Government argues that "the rational trier of fact, i.e., the jury, could find that the

_____

determine the actual cost for purposes of this motion.

[subsequent repairs were] proximate to the damages caused by the defendants." Opp at 6. The court concludes that Jose may not challenge the Government's ability to prove a material element in of the charged offense in this pretrial motion.

A defendant "may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996); see also United States v. Mann, 517 F.2d 259, 266-67 (5th Cir. 1975) ("A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits"), cert. denied, 423 U.S. 1087 (1976). In other words, a defendant's challenge to "the sufficiency of the Government's evidence tending to prove a material element of the offense" is "premature" when raised in a pretrial motion to dismiss. See Nukida, 8 F.3d at 669.

Under § 1361, the amount of damage caused is an element of the felony offense of causing property damage exceeding $1,000. See United States v. Seaman, 18 F.3d 649, 650 (9th Cir. 1994) (enumerating the elements under a prior version of § 1361). Therefore, the present motion challenges the Government's ability to prove an element of the offense that the Defendants were

charged with.  Such a determination is a factual issue to be
decided by the trier of fact.  <u>See</u> <u>Nukida</u>, 8 F.3d at 669 ("If the
pretrial claim is substantially founded upon and intertwined with
evidence concerning the alleged offense, the motion falls within
the province of the ultimate trier of fact and must be
deferred").  As "this court may not invade the province of the
ultimate trier of fact" on this motion to dismiss, the court
declines to decide whether the evidence establishes that
Defendants' actions resulted in more than $1,000 in damage.  <u>See</u>
<u>id.</u>

> B.   The Jury Might Find Defendants Guilty of a
>      Misdemeanor Offense Under § 1361.

The Government argues that the court should deny the
present motion because, although the Indictment charged
Defendants with only the felony offense in § 1361, the
misdemeanor offense in § 1361, which does not require a showing
that more than $1,000 in damage occurred, is necessarily included
in the felony offense.  The Government contends that, even if the
evidence fails to show that more than $1,000 in damage resulted,
the jury may be instructed on the lesser misdemeanor offense and
that the jury could find Defendants guilty of that misdemeanor.
The court agrees with the Government.

Rule 31(c) of the Federal Rules of Criminal Procedure
provides in relevant part that a "defendant may be found guilty
of an offense necessarily included in the offense charged."

Although "a Defendant cannot be held to answer a charge not contained in the indictment brought against him," when all the elements of a lesser offense are included in the greater offense that the defendant was charged with, a "jury may find a defendant guilty of the lesser offense." United States v. Schmuck, 489 U.S. 705, 717, 718 (1989).  A defendant may be found guilty of a lesser offense even though charged only with the greater offense, if a jury finds that "not all of the elements of the greater offense had been proved, but all of the elements of the lesser included offense had been proved." Sansone v. United States, 380 U.S. 343, 351 (1965).  A defendant would, of course, be entitled to have the court instruct the jury with request to such a lesser included offense.  See id. ("if on the facts of a given case there are disputed issues of fact which would enable the jury rationally to find that, although all the elements of [the greater offense] have not been proved, all the elements of one or more lesser offenses have been, it is clear that the defendant is entitled to a lesser-included offense charge as to such other offenses"); see also United States v. Arnt, 474 F.3d 1159, 1163-65 (9th Cir. 2007) ("A defendant is entitled to an instruction on a lesser-included offense if the law and evidence satisfy a two-part test:  1) the elements of the lesser offense are a subset of the elements of the charged offense, and 2)the evidence would permit a jury rationally to find [the defendant] guilty of

7

the lesser offense and acquit [the defendant] of the greater"
(citations omitted)).

Defendants were charged with violating § 1361, which
states in pertinent part:

> Whoever willfully injures or commits any
> depredation against any property of the
> United States . . . shall be punished as
> follows:
>
> If the damage or attempted damage to
> such property exceeds the sum of $ 1,000, by
> a fine under this title or imprisonment for
> not more than ten years, or both; if the
> damage or attempted damage to such property
> does not exceed the sum of $1,000, by a fine
> under this title or by imprisonment for not
> more than one year, or both.

To establish a misdemeanor violation of § 1361, the Government
must prove three elements:  (1) the defendant willfully injured
or committed a depredation (2) against the property (3) of the
United States.  The Government need not prove that any particular
amount of property damage resulted.  However, to prove that a
felony violation of § 1361 occurred, the Government must
establish one additional element – that the value of the property
exceeded $1,000.  See Seaman, 18 F.3d at 649; see also
18 U.S.C. § 1361.  Because the elements of the misdemeanor
offense in § 1361 are a subset of the elements of the felony
offense, the misdemeanor offense is necessarily included in the
charged felony offense, and the jury may be instructed on the
misdemeanor offense.  See Arnt, 474 F.3d at 1163.  Because the

jury may be instructed on the misdemeanor offense not charged in the Indictment, the court denies Jose's request to dismiss the Indictment.

V.      <u>CONCLUSION.</u>

For the reasons above, Defendant Bryson Jose's motion to dismiss the Indictment is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii; June 4, 2007.



/s/ Susan Oki Mollway
_____
Susan Oki Mollway
United States District Judge

<u>United States of America v. Bryson Jose, et al.</u>, Criminal No. 06-00467 SOM;
Order Denying Defendant Bryson Jose's Motion to Dismiss Indictment.