IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 06-00467 SOM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BRYSON JOSE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT BRYSON JOSE'S
MOTION FOR SANCTIONS FOR DESTRUCTION OF EVIDENCE**

Before this Court is Defendant Bryson Jose's ("Jose") Motion for Sanctions for Destruction of Evidence ("Motion"), filed on May 8, 2007.  Defendants Sean Matsunaga ("Matsunaga") and Robert Kupahu ("Kupahu") filed Joinders in Jose's Motion on May 16, 2007 and May 25, 2007, respectively.  This matter came on for hearing on June 1, 2007.  Stuart N. Fujioka, Esq., appeared on behalf of Jose; Randall M. Oyama, Esq., appeared on behalf of Kupahu; and Louis Michael Ching, Esq., appeared on behalf of Matsunaga.  Assistant U.S. Attorney Clare E. Connors appeared on behalf of the Government.  After careful consideration of the motion, the supporting and opposing memoranda, and the arguments of counsel, this Court DENIES WITHOUT PREJUDICE Jose's Motion for the reasons set forth below.

**BACKGROUND**

On August 30, 2006, Defendants were indicted on one

count of damaging federal property, in excess of $1,000, in violation of 18 U.S.C. §§ 2 and 1361.  On March 17, 2006, Defendants allegedly damaged the recreation cage in the Special Housing Unit ("SHU") at the Federal Detention Center ("FDC") in Honolulu, Hawai`i.  SHU is equipped with surveillance cameras, and the video is typically captured on a server installed at FDC.  After the two hour incident during which the alleged property damage occurred, FDC Intelligence Officer Mark Consolver retrieved video footage from the server.  He transferred the footage to DVD, but upon review of the DVD, it was discovered that portions of the footage had not properly transferred.  By the time the error was discovered, the server had recorded over the original footage.  Neither was the footage available on the hard drive of Office Consolver's computer.

In addition to the surveillance camera footage, VHS footage exists of the incident from the point FDC Officers determined that they might need to use force to end the stand-off with Defendants.  To comply with the Bureau of Prisons' policy requiring confrontation avoidance tactics to be recorded on film, FDC Officers set up a VHS recorder in front of the recreation cages.  According to the Government, VHS footage shows Defendants pulling Kupahu through the metal grille of one of the recreation cages.

In his Motion, Jose charges the Government with FDC's failure to preserve evidence, which Jose claims is exculpatory. He argues that both he and the other defendants are prejudiced by the destruction of evidence. Specifically, Jose proffers that FDC Officers viewed the footage and they all have a view towards prosecution. He contends that he and the other defendants are prejudiced, however, because they cannot corroborate accounts of provocation of impeach the Government's witnesses and because their right to remain silent has been compromised. Although he suggests dismissal as a sanction, Jose alternatively requests that the Court exclude the evidence, or at very least, instruct the jury that the absence of the video weights against the Government.

On May 18, 2007, the Government filed its Opposition, arguing that Defendants have not presented any evidence of bad faith or evidence that the missing footage would exculpate them. The Government asserts that it has witnesses who observed the incident who will testify and whose statements Defendants have possessed since September 2006. In the absence of bad faith, the Government stresses that there is no basis for sanctions. The Government also counters Defendants' prejudice argument, noting that it would have benefitted from the missing footage and that Defendants have access to the existing evidence.

**DISCUSSION**

The U.S. Supreme Court has held that a criminal defendant's due process rights are violated when the Government fails to preserve evidence that "posess[es] an exculpatory value that was apparent before the evidence was destroyed and [is] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably attainable means." California v. Trombetta, 467 U.S. 479, 489 (1984).  In addition, "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law."  Arizona v. Youngblood, 488 U.S. 51, 58 (1988).

In the instant case, Defendants have not shown that the missing footage has exculpatory value or that they are unable to obtain comparable evidence.  At the hearing, none of the parties could definitively say that a Brady v. Maryland, 373 U.S. 83 (1963), issue presents itself.  The Court is likewise unable to determine whether Brady is implicated.  The Government has represented, however, that VHS footage exists and that Defendants are not prevented from obtaining first-hand witness accounts of the incident.  Indeed, Defendants themselves can testify about the incident.

Defendants have also failed to demonstrate that the Government acted in bad faith by causing the footage to

4

improperly transfer onto DVD.  The evidence before this Court contrastingly suggests that upon discovery of its error, FDC took reasonable steps to recover the lost footage.  As Defendants have not satisfied the requirements necessary to establish that the Government's failure to preserve evidence constituted a due process violation, the Court elects not to impose sanctions on the Government.  This Court notes that Defendants' request would be more appropriately addressed by the district court as a motion in limine and if sanctions were imposed, a jury instruction regarding the missing footage would be most fitting.  However, this Court does not wish to hamstring the district court and accordingly DENIES WITHOUT PREJUDICE Defendants' request for sanctions.

## CONCLUSION

Based on the foregoing, the Court DENIES WITHOUT PREJUDICE Jose's Motion for Destruction of Evidence, filed on May 8, 2007.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, July 17, 2007.

/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**USA V. BRYSON JOSE; CR. NO. 06-00467 SOM; ORDER DENYING WITHOUT PREJUDICE DEFENDANT BRYSON JOSE'S MOTION FOR SANCTIONS FOR DESTRUCTION OF EVIDENCE**